He v. Lynch

BIA
Wright, IJ
A200 818 381

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# CORRECTED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand fifteen.

PRESENT:
> JOSÉ A.CABRANES,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
>    *Circuit Judges.*

_____

YUN HE,
>    *Petitioner,*

v.                                      14-2572
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy S.
                       Ferrier, Assistant Director; Kimberly
                       A. Burdge, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yun He, a native and citizen of the People's Republic of China, seeks review of a June 24, 2014 decision of the BIA affirming the November 20, 2012 decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Yun He*, No. A200 818 381 (B.I.A. June 24, 2014), *aff'g* No. A200 818 381 (Immig. Ct. N.Y. City Nov. 20, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications like He's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a ruling.  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  Substantial evidence supports the agency's adverse credibility determination.

He sought asylum and related relief based on an alleged forced abortion and an altercation resulting from the Chinese government's confiscation of her parents' home.  The agency relied on multiple inconsistencies in finding He not credible. For example, He described in her personal statement and testimony her forced abortion in China for having a child out of wedlock.  However, she made no mention of this incident during her credible fear interview, instead stating at the interview that she left China after her parents' home was

confiscated. *See Ming Zhang v. Holder*, 585 F.3d 715, 725-26 (2d Cir. 2009); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3. The agency was not required to credit her explanations for this discrepancy, which were themselves inconsistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, contrary to He's argument, her credible fear interview contained the required indicia of reliability because: (1) the interview record was typewritten in a question and answer format; (2) the interview was conducted through an interpreter; (3) the interviewer explained to He the purpose of the interview and the importance of providing full and accurate testimony; and (4) the interviewer asked questions that were designed to elicit a potential basis for asylum. *See Ming Zhang*, 585 F.3d at 725.

The agency also reasonably relied on inconsistencies between He's testimony and her documentary evidence. He stated that she was beaten with a stick by cadres when they confronted her parents about their failure to relinquish their property, but her father's letter did not mention that she was beaten. Moreover, He's testimony that her family's home was demolished in May or June 2010 conflicted with a letter from He's friend,

4

who suggested that it had been demolished months earlier, and a letter from her father, who listed the allegedly demolished home as the return address. The agency was not required to credit her explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

Having questioned He's credibility, the agency did not err in finding that her corroborating evidence did not rehabilitate her incredible testimony. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably gave diminished weight to letters from He's father and friend because, as discussed above, the letters were inconsistent in part with He's testimony, and, moreover, they were from interested witnesses not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, the agency reasonably gave limited weight to a certificate from He's village committee stating that

5

He had an abortion because it was not prepared contemporaneously and was obtained by her father, an interested party, for purposes of her asylum claim. *See id*.

Given the inconsistency and lack of corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, as the claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6